IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA W. KRUGER, # K-50216,

    Plaintiff,

vs.                                            Case No. 18-cv-512-DRH-RJD

JACQUELINE A. LASHBROOK
(Official Capacity Only),
JOHN DOE #1 (Mail Room Supervisor),
and JOHN DOE #13,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court on Plaintiff's "Motion to Reconsider and for Leave to File an Amended Complaint," filed on April 12, 2018. (Doc. 7). On April 9, 2018, this Court severed Counts 3-16 into 8 new cases. (Doc. 6). Count 2 remains in this action. Plaintiff's motion argues that in severing Counts 3-16, the Court misunderstood some of his claims. Further, he asserts that all of the claims should remain together in a single action, because Butler, Baldwin, and Lashbrook made the "policies and practices" which led to the violations of his constitutional rights, and "acted in conspiracy" together. (Doc. 7, p. 2). Along with his motion, Plaintiff has tendered a 33-page proposed Amended Complaint, which has not yet been filed of record pending the resolution of the instant motion.

As discussed below, the portion of Plaintiff's motion that seeks to re-

consolidate the severed claims shall be denied. However, the portion that requests leave to file an Amended Complaint shall be granted. The Amended Complaint shall then undergo a threshold merits review pursuant to 28 U.S.C. § 1915A.

### A. Request to Reconsider Severance Order (Doc. 6)

Motions that seek to alter or amend an order of the Court, if they are filed within 28 days of the challenged order, are generally considered under Federal Rule of Civil Procedure 59(e). Plaintiff's motion was filed within this time frame. Rule 59(e) permits a court to amend an order or judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). "A manifest error [of law or fact] is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quotation omitted). Further, the Seventh Circuit has made it clear that Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp. v. Resolution Trust*

*Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

Plaintiff argues that all the claims in the original action should remain together because former Warden Butler, Director Baldwin, and Warden Lashbrook "began, orchestrated, and implemented the policies and practices in question," and "acted 'in conspiracy' together." (Doc. 7, p. 2). Plaintiff then refers to page 12, paragraph 15, and page 13, paragraph 17, of the Complaint in connection with this premise. (Doc. 1). However, neither of these paragraphs contains any facts to support Plaintiff's contention that Butler, Baldwin, and Lashbrook were responsible for all the violations of his rights, or that they were part of a conspiracy. The first of these paragraphs contains no mention whatsoever of Butler, Baldwin, or Lashbrook, let alone the claim that their policies or conspiracy caused the violations. (Doc. 1, p. 12, para. 15). Paragraph 17 on page 13 mentions only Baldwin, and asserts that he, together with the John Does (#4-11) on the Religious Practice Advisory Board, failed to respond to Plaintiff's grievances and letters. The Court has examined the rest of the Complaint, and has not found any factual statements in any other section to support Plaintiff's current assertion that the constitutional violations were caused by Butler, Baldwin, and Lashbrook's policies, or their "conspiracy." To the contrary, Plaintiff alleged that Butler and Lashbrook "knew of this policy and/or custom" of the mail room staff to open mail from the Attorney General, from having reviewed prisoners' grievances. (Doc. 1, p. 10). Based on the actual allegations contained in the original Complaint, the Court did not err in failing to

link Butler, Baldwin, and Lashbrook to each of Plaintiff's claims of wrongdoing.

Plaintiff next argues that the severance order "guts the crux of his Complaint – that defendants are/were acting in conspiracy together to deprive plaintiff of his constitutional rights all in retaliation." (Doc. 7, p. 3). Plaintiff did allege retaliation on the part of some Defendants, and this is reflected in Counts 2, 5, 8, 10, and 15. However, Plaintiff did not allege retaliation in connection with the events underlying Counts 3, 6, 11, 12, 13, 14, or 16. As pled, the original Complaint does not set forth a factual basis for the premise that all the Defendants were acting together to retaliate against Plaintiff, such that every count in the Complaint could properly proceed together.

To summarize, having reconsidered the severance of claims based on the original Complaint, the Court finds no error in the application of Rule 20(a)(2) to sever Plaintiff's claims as directed in Doc. 6. Therefore, the portion of Plaintiff's motion (Doc. 7) seeking reconsideration of the Order of April 9, 2018, is **DENIED** pursuant to Rule 59(e).

The Court notes, however, that having examined the proposed Amended Complaint, it appears that Plaintiff's revisions and additional factual allegations may lead to the consolidation of some of his claims after review of that pleading has been completed.

B.  **Motion for Leave to File Amended Complaint**

Plaintiff tendered the proposed Amended Complaint on April 12, 2018, only 3 days after service on Defendant Lashbrook (in her official capacity) was

ordered. Lashbrook's waiver of service was returned to the Clerk on April 16, 2018. Under Federal Rule of Civil Procedure 15(a)(1)(A), Plaintiff may amend his pleading once as a matter of course within 21 days after service of the original pleading. Plaintiff's proposed Amended Complaint was timely submitted under that Rule. Accordingly, this portion of Plaintiff's motion (Doc. 7) is **GRANTED**.

**IT IS THEREFORE ORDERED** that the Clerk **SHALL FILE** Plaintiff's proposed Amended Complaint and attached exhibits, received on April 16, 2018, and consisting of 33 pages, as the First Amended Complaint in this action.

The review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A shall be set forth in a separate Order.

**IT IS SO ORDERED.**

Judge Herndon
2018.04.23
11:48:58 -05'00'

**United States District Judge**