IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOSHUA W. KRUGER,

        **Plaintiff,**

v.

JOHN BALDWIN, *et al.*,

        **Defendants.**

Case No. 18-cv-512-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Malda Carson's motion to vacate entry of default (Doc. 114). Carson seeks to vacate the entry of default against her on June 23, 2020 (Doc. 97). Plaintiff Joshua W. Kruger has filed a motion for default judgment (Doc. 108).

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." "In order to vacate an entry of default the moving party must show: (1) good cause for default, (2) quick action to correct it, and (3) [a] meritorious defense to plaintiff's complaint." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009). The standard for setting aside an entry of default is the same as that for setting aside a default judgment but is applied more liberally. *Cracco*, 559 F.3d at 631.

Carson meets the standard for vacating the entry of default. She has shown good cause for the default. Carson was under the impression that by returning her waiver of service, counsel would be assigned to her. She subsequently retired from the Illinois

Department of Corrections ("IDOC") and was unaware of the default against her. Once she was located and informed of the default, she requested counsel be assigned to her (Doc. 114, p. 2). Counsel then sought to file an Answer on her behalf. Carson also indicates that she has a meritorious defense.

Given that defaults are disfavored and the standard for vacating an entry of default is liberally applied, the Court finds that Carson has met the requirements of Rule 55(c). The entry of default against Carson (Doc. 97) is **VACATED**. Carson is **DIRECTED** to file her Answer by **August 7, 2020**. To the extent that Kruger seeks default judgment against Carson, that motion (Doc. 108) is **DENIED as moot**. His request for default judgment against Cynthia Gimber remains pending.

**IT IS SO ORDERED.**

DATED:   July 31, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**